UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **ROBIN COMPTON, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**YES ONLINE, INC. d/b/a Dynamic Legal Recovery,**<br><br>Defendant. | CASE NO. 1:20-cv-<br><br>JURY TRIAL DEMAND |

## CLASS ACTION COMPLAINT

### I.     INTRODUCTION

1. This is a class action brought by Plaintiff, Robin Compton, Jr. ("Plaintiff" or "Mr. Compton"), individually and on behalf of all others similarly situated, for actual and statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.     PARTIES

2. Mr. Compton is a military veteran and a natural person residing in Bedford, Indiana.

3. Defendant Yes Online, Inc. is a foreign for-profit corporation with its principal place of business in Santa Clarita, California.

### III.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically 15 U.S.C. § 1692.

5. The venue is proper because a substantial part of the events or omissions giving rise to the claims included in this Complaint occurred in the Southern District of Indiana and because Defendant transacts business in this District.

### IV. STATEMENT OF FACTS

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Mr. Compton is a "consumer" as defined by 15 U.S.C. 1692(a)(3).

8. Mr. Compton allegedly incurred a debt overseas to Telekom Deutschland GmbH in 2013 for personal cellular service during his oversees deployment as a U.S. Army service member ("Debt").

9. On or about October 28, 2019, Mr. Compton received a collection telephone call from Defendant.

10. Pursuant to 15 U.S.C. § 1692g(a), Defendant was required to either disclose the following information either during the October 28, 2019 phone call or in a written notice sent within five days after October 28th, 2019:

    a. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    b. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    c. a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

11. During the October 28, 2019 telephone call, Defendant failed to advise Mr. Compton that: (1) unless he disputed the Debt or any portion thereof within thirty days that Defendant would assume the Debt to be valid; (2) if he notified Defendant in writing within the thirty-day period that the Debt or any portion thereof is disputed Defendant will obtain verification of the Debt and mail it to him; or (3) upon his written request within the thirty-day period Defendant will provide him with the name and address of the original creditor if different from the current creditor.

12. Defendant knew or was reckless in not knowing at the time of the October 28, 2019 telephone call that it had <u>not</u> sent the information required to be provided by 15 U.S.C. § 1692g(a) to Mr. Compton at an address where he was likely to receive it.

13. Defendant had Mr. Compton's correct address because: Mr. Compton provided his address to the Defendant during the October 28, 2019 phone call; and Mr. Compton included his address on letters sent by him and received by the Defendants on November 8, 2019, and December 9, 2019.

14. Even though Defendant had Mr. Compton's correct address, Defendant did not send the information required to be provided by 15 U.S.C. § 1692g(a) to Mr. Compton in writing within five days of the October 28, 2019, telephone call.

15. Defendant's failure to provide the requisite disclosures or furnish a notice under 15 U.S.C. § 1692g(a) deprived Mr. Compton the opportunity to send in a formal validation request and written dispute under pursuant to 15 U.S.C. § 1692g(b).

16. Despite the lack of any guidance from the Defendant, Mr. Compton sent a request for more information to the Defendant on November 5, 2019, ("Request for Information") seeking the: (1) name and address of the original creditor; (2) itemized statement including all charges; and (3) Original signed contract. **Exhibit A.**

17. Defendant received Mr. Compton's validation request on November 8, 2019. **Exhibit A.**

18. On December 3, 2019, Mr. Compton sent a letter to the Defendant disputing the Debt ("Dispute Letter"). **Exhibit B.**

19. Defendant received the Dispute Letter on December 9, 2019. **Exhibit B.**

20. Mr. Compton also expressly disputed the validity of the Debt in his email to the Defendant dated December 10, 2019.

21. Mr. Compton disputed the Debt with TransUnion on or around November 2nd, 2019, and TransUnion advised the Defendant about the pending dispute by sending an Automated Credit Dispute Verification form ("ACDV").

22. Pursuant to 15 U.S.C. § 1692e(8), Defendant was required to report the Debt as disputed after receiving notice of Mr. Compton's dispute via: (2) the Dispute Letter; (2) the email on December 10, 2019; and (3) the ACDV from TransUnion.

23. TransUnion shared with Mr. Compton the results of its investigation following his dispute. The results of Transunion's investigation indicate that despite being aware of Mr. Compton's dispute with the Debt at issue, Defendant failed to report the Debt as disputed.

24. On January 24, 2020, Mr. Compton advised the Defendant via email that he is working between 2 p.m. and 10 p.m. eastern standard time and is unable to accept phone calls during that time.

25. Pursuant to 15 U.S.C. § 1692c(1), Defendant was required to honor Mr. Compton's request to not be called during working hours of 2 p.m. and 10 p.m..

26. Despite Mr. Compton's request to not be called during working hours, Defendant called Mr. Compton on February 4th, 2020 between 2pm and 4pm while he was at work.

27. Mr. Compton has incurred damages consequent to Defendant's violations of the FDCPA including but not limited to: emotional distress damages; cost of time value of money spent on resolving this matter; postage costs incurred by Mr. Compton to exercise his legal rights and ensure Defendant's compliance with his requests.

## V.   CLAIMS FOR RELIEF

### Fair Debt Collection Practices Act

28. Plaintiff repeats, re-alleges and incorporates by reference the preceding paragraphs.

29. Defendant violated the FDCPA.  These violations include, but are not limited to:

    a. Defendant violated 15 U.S.C. § 1692g(a) by failing the disclose the following information either during the October 28, 2019, phone call or in a written notice sent within five days after October 28, 2019: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed,  the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (iii) a statement that, upon the consumer's written request within the

   thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

  b. Defendant violated 15 U.S.C. § 1692e(8) when it failed to report the Debt as disputed even though Defendant had been advised about Mr. Compton's dispute on multiple occasions.

  c. Defendant violated 15 U.S.C. § 1692c(1) when Defendant called Mr. Compton on February 4, 2020 between 2 p.m. and 4 p.m. while he was at work despite prior notification from Mr. Compton that he is working between 2 p.m. and 10 p.m. eastern standard time and is unable to accept phone calls during that time.

30. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for his actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

## VI. CLASS ALLEGATIONS

31. Subject to confirmation, clarification and/or modification based upon discovery to be conducted in this action, Plaintiff seeks to represent a national class for Defendant's failure to comply with 15 U.S.C. § 1692g(a)

> All persons in the United States who Defendant first contacted for debt collection purposes at any time during the one year immediately preceding the filing of this Class Action Complaint till present.
> ("G-Notice Class")

> Excluded from the Class are Defendant's officers, directors, and employees of Defendant; any entity in which Defendant have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant.

32. Subject to confirmation, clarification and/or modification based upon discovery to be conducted in this action, Plaintiff seeks to represent a national class for Defendant's failure to comply with 15 U.S.C. § 1692e(8):

    > All persons in the United States who allegedly owed a debt being collected by the Defendant and for whom: (1) Defendant reported the debt to a credit reporting agency at any time in the one year immediately preceding the filing of this Class Action Complaint till present; (2) Defendant received notice of dispute from the person about the debt at issue; and (3) the Defendant failed to report the debt as disputed to at least one credit reporting agency.
    > ("Dispute Reporting Class")
    >
    > Excluded from the Class are Defendant's officers, directors, and employees of Defendant; any entity in which Defendant have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendant.

33. The members of the proposed G-Notice and Dispute Reporting Classes are so numerous that joinder of all members is impracticable. Mr. Compton reasonably believes that hundreds if not thousands of people geographically dispersed across the U.S. have been damaged by Defendants' actions. The names and addresses of the members of the proposed class are readily identifiable through records maintained by Defendants or from information readily available to the Defendants.

34. Common questions of law and fact exist as to all members of the proposed G-Notice Class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed G-Notice Class include, but are not limited to:

    a. Whether Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

    b. Whether Mr. Compton and the G-Notice Class Members are a "consumer" as defined by 15 U.S.C. 1692(a)(3).

    c. Whether Defendant had a policy of making disclosures mandated under 15 U.S.C. §

    1692g(a) in its initial communication with the G-Notice Class Members.

  d. Whether Defendant had a policy of making disclosures mandated under 15 U.S.C. § 1692g(a) in a written notice sent to the G-Notice Class Members within five days after the initial communication.

35. Common questions of law and fact exist as to all members of the proposed Dispute Reporting Class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed Dispute Reporting Class include, but are not limited to:

  a. Whether Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

  b. Whether Mr. Compton and the Dispute Reporting Class Members are a "consumer" as defined by 15 U.S.C. 1692(a)(3).

  c. Whether Defendant had a policy of furnishing information to credit reporting agencies for debts allegedly owed by the Dispute Reporting Class Members.

  d. Whether Defendant had a policy of reporting disputes to credit reporting agencies after receiving notices of disputes from the debtors.

36. Mr. Compton's claims are typical of the claims of the proposed G-Notice and Dispute Reporting Classes, as they are all similarly affected by Defendants' customs and practices, legal theories and factual similarities. Mr. Compton is not different in any material respect from any other member of the proposed G-Notice and Dispute Reporting Class.

37. Mr. Compton and his counsel will fairly and adequately protect the interests of the members of the proposed G-Notice and Dispute Reporting Classes. Mr. Compton's interests do not conflict with the interests of the proposed G-Notice and Dispute Reporting Classes he seeks to represent. Plaintiff has retained lawyers who are competent and experienced in class

action and consumer litigation. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and his counsel are aware of their fiduciary responsibilities to the proposed classes and will diligently discharge those duties by vigorously seeking the maximum possible recovery while recognizing the risks associated with litigation.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joining all proposed G-Notice and Dispute Reporting Class Members in one action is impracticable, and prosecuting individual actions is not feasible. The size of most individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed G-Notice and Dispute Reporting Classes, a class action is the only procedural mechanism that will afford them an opportunity for legal redress and justice. Even if proposed G-Notice and Dispute Reporting Class Members had the resources to pursue individual litigation, that method would be unduly burdensome to the courts in which such cases would proceed. Individual litigation exacerbates the delay and increases the expense for all parties, as well as the court system. Individual litigation could result in inconsistent adjudications of common issues of law and fact.

39. In contrast, a class action will minimize case management difficulties and provide multiple benefits to the litigating parties, including efficiency, economy of scale, unitary adjudication with consistent results, and equal protection of the rights of Mr. Compton and class members of the proposed G-Notice and Dispute Reporting Classes. These benefits would result from the comprehensive and efficient supervision of the litigation by a single court.

40. Questions of law or fact common to Plaintiff and the proposed G-Notice and Dispute Reporting Class Members, including those identified above, predominate over questions

affecting only individual members (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the necessary duplication of effort and expense that numerous individuals would require. Further, the monetary amounts due to many individual proposed G-Notice and Dispute Reporting Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual proposed G-Notice and Dispute Reporting Class Members to seek and obtain relief. On the other hand, a class action will serve important public interests by permitting consumers harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them and by deterring further unlawful conduct. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the G-Notice and Dispute Reporting Classes;

B. Appoint Mr. Compton as Class Representative of the Class and his attorneys as Class Counsel;

C. Find that Defendant violated 15 U.S.C. § 1692g(a) and is liable for such violations to Mr. Compton and members of the G-Notice Class.

D. Find that Defendant violated 15 U.S.C. § 1692e(8) and is liable for such violations to Mr. Compton and members of the Dispute Reporting Class.

E. Find that Defendant violated 15 U.S.C. § 1692c(1) and is liable for such violations to Mr. Compton.

F. Enter judgment in favor of Mr. Compton, the G-Notice Class Members, and/or the Dispute Reporting Class Members and against Defendant for statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

G. Award Mr. Compton an incentive award for his participation as Class Representative; and

H. All such additional relief as the Court deems appropriate and just.

Respectfully submitted,

/s/  Syed Ali Saeed
Syed Ali Saeed (#28759-49)
SAEED & LITTLE, LLP
18 W. Vermont St.
Indianapolis, Indiana  46204
Telephone: (317) 614-5741
Facsimile:  1-888-422-3151
Email:  ali@sllawfirm.com

/s/ *Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN  46037
800-817-0461
robert@robertdufflaw.com

## JURY TRIAL REQUEST

Plaintiff requests a trial by jury.

                                              Respectfully submitted,

                                              /s/  Syed Ali Saeed  
                                              Syed Ali Saeed (#28759-49)  
                                              SAEED & LITTLE, LLP  
                                              18 W. Vermont St.  
                                              Indianapolis, Indiana  46204  
                                              Telephone: (317) 614-5741  
                                              Facsimile:  1-888-422-3151  
                                              Email:  ali@sllawfirm.com